with) 110 N. Y. Supp. 217, and for the reasons there stated the or-
der appealed from is reversed, with $10 costs and disbursements, and
the motion for an injunction denied, with $10 costs.

LAUGHLIN, J. I concur in the reversal of the injunction order
in this case upon the grounds stated in my concurring memorandum
in Eden Musee American Company, Limited, v. Theodore A. Bing-
ham, Police Com'r, et al. (argued and decided herewith) 110 N. Y.
Supp. 210, which apply to the facts here presented.

---

### ÆTNA LIFE INS. CO. v. PELHAM.

(Supreme Court, Appellate Term. May 15, 1908.)

FRAUDS, STATUTE OF—PROMISE TO ANSWER FOR DEBT OF ANOTHER—FALSE REP-
    RESENTATION OF AGENCY—LIABILITY.
        One who induced an insurance company to issue policies on his false
    representation that he was the assured's agent is liable to the company
    for the amount of premiums that could have been recovered under the
    policies had he had authority to bind assured; an action to enforce such
    liability not being not maintainable as being founded upon an oral promise
    to pay the debt of another.

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Action by the Ætna Life Insurance Company against Eugene T. Pel-
ham. From a judgment for defendant, plaintiff appeals. Reversed,
and judgment for plaintiff directed.

See 52 Misc. Rep. 658, 102 N. Y. Supp. 461.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and
GREENBAUM, JJ.

Winter & Winter, for appellant.
John F. Joyce, for respondent.

GILDERSLEEVE, J. The defendant is an insurance broker, and
represented to the plaintiff that he had received an order from John P.
Kane Company, for the issuance of liability insurance policies, and
procured the plaintiff to write three policies. The Kane Company
refused to accept the policies, and pay the premiums. It turned out that
the defendant had no authority from the Kane Company to obtain the
policies, and they were surrendered and canceled. The policies were
in force for two months, and the plaintiff brought this action to re-
cover from defendant the proportion of premium earned while the
policies were in force, to wit, $153.94. Judgment was for the defend-
ant. Upon a previous trial plaintiff obtained judgment for $51.65
upon the assumption, apparently, that the plaintiff was bound by a let-
ter in which it claimed only that sum. The judgment was reversed
by this court for the reason that there was proof tending to show that
the letter erroneously stated the amount. 52 Misc. Rep. 658, 102 N.
Y. Supp. 461.

It seems plain that the defendant rendered himself liable for the
damages suffered by the plaintiff on account of the breach of warranty
that he was the agent of the assured. White v. Madison, 26 N. Y. 117.
The measure of damage is the amount of premiums that could have

been recovered under the policies had the defendant had authority to bind the Kane Company. As we have seen, that is $153.94. The claim of appellant that the action cannot be maintained because founded upon an oral promise to pay the debt of another cannot be sustained. The action is not brought on the promise of the defendant to pay the premium. It is for damages arising from the false representations of the defendant that he was the agent of the assured. The facts are practically undisputed, and it is manifest that there could be no change in the evidence upon another trial.

The judgment must be reversed and judgment directed in favor of the plaintiff and against the defendant for $153.94, with interest from March 21, 1906, together with costs in this court and the court below. All concur.

